**Supreme Court**

No. 2010-215-Appeal.

(NC 00-12)

Ronald R. Fatulli                    :

v.                    :

Bowen's Wharf Co., Inc.                    :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Ronald R. Fatulli                    :

v.                    :

Bowen's Wharf Co., Inc.            :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Indeglia, for the Court.**  Located in the City of Newport, Bowen's Wharf is a thriving tourist destination that includes an active marina as well as a variety of retailers, restaurants, and art galleries.  In this appeal, we are called upon to decide a question that will clarify the rights and obligations of two adjacent landholders whose combined property comprises the entirety of Bowen's Wharf.  The question presented for our review is whether the trial justice erred in finding that a right of first refusal granted to Bowen's Wharf Company, Inc. (Bowen's Wharf Company or defendant) by Ronald R. Fatulli (Fatulli or plaintiff) in 1969 has expired by operation of law.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

## Facts and Travel

On August 15, 1969, George H. Piltz deeded the entirety of Bowen's Wharf to Fatulli and his father, who has since died.  That same day, the Fatullis sold defendant a portion of Bowen's Wharf, known as Parcel B, and retained Parcel A, which is the subject of this litigation.  Parcel A is smaller than Parcel B and is situated at the wharf's western extent, where it juts out into the

harbor. Parcel B is located on the portion of the wharf closest to Thames Street, which runs north to south along the parcel's eastern edge.

One week later, on August 21, 1969, the parties executed an agreement (Agreement) in which Fatulli granted defendant the right of first refusal on Parcel A.[1] Specifically, Fatulli granted defendant:

> "the right of first refusal to purchase all of that certain lot or parcel of land, with the buildings and improvements thereon, indicated as Parcel 'A' on that certain plat entitled 'Bowen's Wharf, Thames Street, Newport, Rhode Island' prepared by Aquidneck Associates, Inc., dated August 4, 1969, Drawing No. 69042, together with the dock adjacent thereto, either separately, or together with the lobster business presently conducted thereon, at the same price and upon the same terms, provisions and conditions as shall be contained in any written bona fide offer for the purchase thereof * * *."

The Agreement was recorded in the land evidence records of the City of Newport on the day it was executed.

More than thirty years later, on January 11, 2000, Fatulli filed an action seeking declaratory relief in Newport County Superior Court. He sought a declaration that the right of first refusal in the Agreement had expired by operation of G.L. 1956 § 34-4-26, which governs the expiration of recorded rights affecting real estate. That statute, which was enacted in 1989 (P.L. 1989, ch. 374, § 1), provides in pertinent part as follows:

> "(a) Any recorded contract, deed, or other instrument entered into which creates a * * * right of first refusal to purchase real estate, * * * which by its own terms, does not provide for a specific expiration date, shall expire ten (10) years after the date of execution, or ten (10) years after recording, if no date of execution is contained in the instrument." Section 34-4-26(a).

The statute further provides that "[a]ny rights created prior to the passage of this act may be extended for a period of ten (10) years by refiling a Notice of Intention to extend said rights in

---

[1] Fatulli's father also was a party to the Agreement.

the Land Evidence Records prior to July 1, 1991." Section 34-4-26(b). Because the Agreement did not provide for a specific expiration date, and because defendant had not filed a Notice of Intention to extend its rights under the Agreement, Fatulli contended that the right of first refusal had expired.

In an answer filed on February 3, 2000, defendant raised six affirmative defenses, including laches, waiver, estoppel, and reliance. The defendant also asserted that § 34-4-26 was both inapplicable to the Agreement and unconstitutional. The answer also set forth counterclaims for declaratory and injunctive relief. The defendant admitted Fatulli's allegation that neither party had filed a Notice of Intention prior to July 1, 1991, but denied that § 34-4-26 applied to the Agreement.

Thereafter, on April 13, 2000, Fatulli moved for summary judgment. The defendant raised several arguments in opposition to Fatulli's motion. First, it claimed that factual issues precluded the entry of summary judgment. Second, it argued that § 34-4-26 did not apply because the Agreement included personalty as well as real estate. Finally, it asserted that § 34-4-26 was unconstitutionally vague, violated the Contracts Clause of the United States Constitution, and unconstitutionally affected vested rights.

On September 29, 2000, a hearing justice of the Superior Court denied Fatulli's motion for summary judgment. An order to that effect was entered on October 18, 2000.[2]

The case came before a justice of the Superior Court for a bench trial on April 20, 2009.[3] Fatulli did not call any witnesses to testify; instead, he rested his case after the Agreement was

---

[2] In the interim period between the hearing and entry of the order, on October 5, 2000, Fatulli filed an amended complaint. His amended complaint contained an additional allegation that the right of first refusal in the Agreement violated the Rule Against Perpetuities.

[3] At the start of the proceedings, the trial justice noted that defendant had challenged the constitutionality of G.L. 1956 § 34-4-26 and inquired whether, pursuant to Rule 24(d) of the

- 3 -

entered into evidence as a joint exhibit. Before defendant called its witnesses to the stand, two additional exhibits were admitted into evidence: (1) a plan of Bowen's Wharf; and (2) the deed dated August 15, 1969, in which Piltz granted Bowen's Wharf to the Fatullis.

The defendant called two witnesses: Bartlett S. Dunbar and Ralph Stokes. Dunbar testified that he formed Bowen's Wharf Company as a development company in 1969. Although his role was not explicitly stated on the record, in an affidavit filed before trial, Dunbar stated that he was the president of Bowen's Wharf Company. According to Dunbar, he met with Fatulli in the 1990s to discuss "perhaps making an offer on the property [owned by Fatulli]." Dunbar confirmed that he did not make an offer to purchase the property at this meeting, but testified that they discussed the right of first refusal referred to in the Agreement. The trial justice did not allow Dunbar to testify about the substance of that discussion, and noted that such testimony was barred under the statute of frauds and the rules of evidence.

The defendant next called Ralph Stokes to the stand. Stokes, an attorney and an expert in the law of titles and real estate conveyances, testified that, among title insurance underwriters, it is "universally agreed" that a right of first refusal without a termination date expires in ten years as to third parties. He also stated that the issue of whether the right expires "as to the parties themselves * * * does not come up * * * frequently, if ever * * *." Stokes characterized the statute as "badly drafted" and "ambiguous at best," noting that the statute seemed to invalidate not only rights of first refusal, but also recorded instruments themselves. Finally, Stokes testified that "[t]he right of first refusal in this matter * * * seemed to suggest that it also conveyed a business. That is not * * * an interest in real estate."

---

Superior Court Rules of Civil Procedure, it had notified the Attorney General of this challenge. The record reflects that, after a brief recess, a representative of the Attorney General informed the court that "[a]t this time, the Attorney General's Office has no interest in this case."

- 4 -

On cross-examination, Fatulli's counsel asked Stokes if he "[had] an opinion as to whether or not * * * that right of first refusal, when it was executed in 1969, * * * violate[d] the Rule Against Perpetuities." Stokes said he did not have an opinion on that, but noted that the Rule Against Perpetuities was "kicked out of Rhode Island law in 1992."[4]

After trial, the parties submitted posttrial memoranda, in which they reiterated the arguments set forth at trial and in their pretrial filings. The defendant's posttrial memorandum included a novel reading of the statute that it had not advanced previously: that § 34-4-26 was a "notice statute" and applied only to third parties. The defendant also expanded upon its defense that § 34-4-26 did not apply to the property referred to in the Agreement. Since that property comprised not only real estate, but also a dock and a lobster business, defendant argued that the statute did not apply to such "mixed property."

In a written decision issued on March 22, 2010, the trial justice found that "the parties' right of first refusal agreement expired in 1979. Accordingly, [Fatulli] is not obligated to offer Parcel A, the wharf, or the lobster business to [d]efendant in the event of a bona fide third party's offer." The trial justice found that § 34-4-26 applied to the subject matter of the Agreement, citing precedent from this Court and other authority for his conclusion that "a wharf or dock may properly be characterized as real property." The trial justice rejected defendant's argument that § 34-4-26 was a notice statute and, as such, did not apply to extinguish the right granted in the Agreement as between the parties themselves. Judgment for Fatulli was entered on April 20, 2010. Thereafter, defendant timely appealed to this Court.

---

[4] In fact, as we note below, the General Assembly modified the common-law Rule Against Perpetuities in 1987 and abolished it altogether in 1999. See infra part IV-C.

## II

## Issues on Appeal

The question presented for our review is whether the trial justice erred in finding that the right of first refusal granted in the Agreement between the parties has expired by operation of § 34-4-26. In answering this question, we must address two underlying issues: whether the trial justice erred in (1) finding that § 34-4-26 extinguished defendant's right of first refusal not only as to Parcel A, but also as to the dock and the lobster business; and (2) declining to characterize § 34-4-26 as a notice statute. Additionally, we address certain policy considerations stemming from the application of § 34-4-26 to this dispute.

We note that defendant has abandoned several contentions which it raised before the trial justice and on prebriefing before this Court, including various constitutional challenges to § 34-4-26 and its application to the Agreement in this case. We analyze only the arguments defendant pressed on full briefing and at oral argument. See State v. Rolon, 45 A.3d 518, 519 n.1 (R.I. 2012) (deeming arguments raised in prebriefing statement but not in full brief to be waived, citing Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure).

## III

## Standard of Review

"This Court gives great weight to the factual findings of a trial justice sitting without a jury in a civil matter * * *." Butterfly Realty v. James Romanella & Sons, Inc., 45 A.3d 584, 588 (R.I. 2012) (quoting Cahill v. Morrow, 11 A.3d 82, 86 (R.I. 2011)). On appeal, we will leave such findings undisturbed unless they are "clearly erroneous or unless the trial justice misconceived or overlooked material evidence or unless the decision fails to do substantial justice between the parties." Id. (quoting Cahill, 11 A.3d at 86). By contrast, "we review in a de

- 6 -

novo manner a trial justice's rulings concerning questions of law." Id. (quoting Cahill, 11 A.3d at 86).

## IV

## Analysis

## A

## Does § 34-4-26 Apply?

First, we address defendant's argument that the terms of § 34-4-26 do not apply to the "mixed property" described in the Agreement. As noted above, the Agreement granted defendant "the right of first refusal to purchase all of that certain lot or parcel of land * * * indicated as Parcel 'A' * * * together with the dock adjacent thereto, either separately, or together with the lobster business presently conducted thereon * * *." (Emphasis added.) Section 34-4-26 applies to "recorded * * * instrument[s]" which "create[ ] * * * a right of first refusal to purchase real estate." The defendant contends that, because the Agreement granted it a right of first refusal not only on Fatulli's land, but also on Fatulli's wharf and lobster business, that right is not one which falls within the embrace of § 34-4-26.

Although defendant could have chosen to exercise his right of first refusal (while it was still extant) on (1) the land and the dock; or (2) the land, the dock, and the lobster business, a careful reading of the Agreement shows that it did not grant defendant a right of first refusal on either the lobster business or the dock alone. Rather, the Agreement granted defendant a right of first refusal on the lobster business and the dock only when purchased in conjunction with Parcel A.

We agree with the trial justice's finding that, on these facts, "a wharf or dock may properly be characterized as real property." We also agree with his finding that "§ 34-4-26's

- 7 -

application to the right of first refusal to purchase a parcel of real estate is not fatally diluted by the fact that the right also applies to a business and a wharf." The trial justice observed that "[d]efendant cited no case law on the proposition that § 34-4-26—or any other statute governing real property—does not apply to 'mixed transactions.'" Our own review of Rhode Island case law confirms that defendant's argument on this point is unsupported. Because the right of first refusal granted to defendant in the Agreement falls within the plain terms of the statute, we must reject defendant's argument that § 34-4-26 does not apply to that right.

**B**

**Is § 34-4-26 a Notice Statute?**

The defendant next argues that § 34-4-26 is a notice statute and, as such, operates to extinguish rights of first refusal only as to third parties, not as between the original contracting parties. We believe that the trial justice did not err in declining to characterize § 34-4-26 as a notice statute. Notice statutes distinguish between those with notice of another's interest in property and those without such notice.[5] See 11 Thompson on Real Property § 92.08(b) at 159-160 (2d Thomas ed. 1998). Section 34-4-26 cannot—and does not—draw this distinction because it applies only to recorded instruments affecting real estate. The world is therefore on notice of all instruments within the statute's reach. See G.L. 1956 § 34-13-2 ("A recording * * * shall be constructive notice to all persons of the contents of instruments and other matters so recorded * * *."); see also Davies v. Little, 111 R.I. 496, 502, 304 A.2d 661, 665 (1973) (recording of agreement granting right of first refusal on property constitutes constructive notice). Accordingly, we affirm the trial justice's finding that § 34-4-26 is not a notice statute.

---

[5] Rhode Island's recording act, G.L. 1956 § 34-11-1, is a notice statute. It provides in pertinent part that: "[e]very conveyance of lands * * * shall be void unless * * * recorded * * *; provided, however, that the conveyance, if delivered, as between the parties, * * * or those having notice thereof, shall be valid and binding though not acknowledged or recorded." (Emphases added.)

# C

## Policy Considerations

We disagree with defendant's contention that § 34-4-26 discourages recording of instruments since it does not apply to unrecorded instruments. As noted above, the statute applies only to "recorded contract[s], deed[s] or other instrument[s] entered into which create[ ] a * * * right of first refusal to purchase real estate * * * which by [their] own terms, [do] not provide for a specific expiration date * * *." Section 34-4-26(a) (emphasis added). If one who obtains a right of first refusal wishes to avoid the statute's reach, he or she need only specify an expiration date for that right in the instrument through which it is created.

In the same vein, defendant points out that, if the Agreement had never been recorded, § 34-4-26 would not apply to the right at issue here, and that right would have therefore remained intact. The defendant characterizes such a result as "absurd." In addressing this argument, we must resort to the Rule Against Perpetuities (RAP), a now-defunct doctrine in Rhode Island. Although we do so with little relish, we must analyze the RAP's application to the Agreement to explain why it is questionable whether the right of first refusal at issue here was ever valid to begin with.

The classic formulation of the RAP is as follows: "No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." John Chipman Gray, The Rule Against Perpetuities § 201 at 191 (4th ed. 1942). Although Rhode Island statutorily abandoned the RAP in 1999, the doctrine was in full force and effect when the Agreement was executed in 1969. See G.L. 1956 § 34-11-38, as enacted by P.L. 1999, ch. 403, § 1; 3 The Law of Future Interests § 1450 at 502 (3d Borron ed. 2004). Because the Agreement granted a right of first refusal not to Dunbar personally, but to Bowen's Wharf

- 9 -

Company, and because a corporation normally exists in perpetuity, that right may have been void ab initio under the RAP.[6]  See G.L. 1956 §§ 7-1.2-202(d); 7-1.2-302(b)(1); Ferrero Construction Co. v. Dennis Rourke Corp., 536 A.2d 1137, 1144 (Md. 1988) (right of first refusal of unlimited duration granted to a corporation was invalid in view of the RAP).

Having concluded that the trial justice did not err in deciding that § 34-4-26 applies to the right granted in the Agreement or in declining to characterize that statute as a notice statute, we hold that the defendant's right of first refusal has expired by operation of § 34-4-26.

## V

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court, to which we remand the record in this case.

---

[6] We acknowledge that this Court never decided whether the RAP applied to rights of first refusal before Rhode Island abolished the doctrine.  See Brough v. Foley, 572 A.2d 63, 67 (R.I. 1990) (describing Rhode Island law on this issue as "unsettled").  However, among courts in other jurisdictions that have considered this issue, a majority have concluded that it does.  See Old Port Cove Holdings, Inc. v. Old Port Cove Condominium Association One, Inc., 986 So.2d 1279, 1285-86 (Fla. 2008) (reviewing split of authority).  Because this issue is not essential to our holding, and because the RAP is now defunct in Rhode Island, we decline to expand our jurisprudence on this doctrine.  We address the RAP's application to the Agreement only to refute defendant's claim that the trial justice's ruling produced an absurd result.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

TITLE OF CASE:        Ronald R. Fatulli v. Bowen's Wharf Co., Inc.

CASE NO:             No. 2010-215-Appeal.
                     (NC 00-12)

COURT:               Supreme Court

DATE OPINION FILED:  December 5, 2012

JUSTICES:            Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

WRITTEN BY:          Associate Justice Gilbert V. Indeglia

SOURCE OF APPEAL:    Newport County Superior Court

JUDGE FROM LOWER COURT:

                     Associate Justice Edward C. Clifton

ATTORNEYS ON APPEAL:

                     For Plaintiff:  Jeremiah C. Lynch, III, Esq.

                     For Defendant:  James F. Hyman, Esq.